THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) <br> ALON J. VAINER, M.D., F.A.C.P. and ) <br> DANIEL D. BARBIR, R.N., ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVITA INC. and GAMBRO ) <br> HEALTHCARE, INC., and their respective ) <br> subsidiaries and affiliated companies, ) <br> ) <br>     Defendants. ) <br> _____ ) <br> DAVITA INC. and DVA RENAL ) <br> HEALTHCARE, INC. F/K/A GAMBRO ) <br> HEALTHCARE, INC., ) <br> ) <br>     Counterplaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALON J. VAINER, M.D. ) <br> ) <br>     Counterdefendant. ) <br> _____ ) | Civil Action File No. <br> **1:07-CV-2509-CAP** |

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS

To expedite the flow of discovery material and information, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, ensure that protection is afforded only to materials so entitled, and protect the interests of the above-named Parties in certain confidential and proprietary information consistent with the public's right of access to the Court's records, the Parties, by their undersigned Counsel, hereby stipulate pursuant to Federal Rules of Civil Procedure 26(c) and 29, subject to approval and entry by the Court, to the following Protective Order that will govern the production, exchange, and use of discovery materials and other information in this Matter.  With the Parties' consent and for good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

## PRELIMINARY STATEMENT

This Matter involves a covered entity or entities under the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. Part 160, and this Protective Order constitutes a qualified protective order as provided in 45 C.F.R. § 64.512(e)(l)(ii) and (v).  This Matter also involves a federal claim brought in federal court, and therefore individual state privacy laws related to the disclosure

and protection of individually identifiable health information and protected health

information do not apply to the present dispute.[1]

## 1.   <u>Scope</u>

This Protective Order shall govern all Information produced or given by a

Producing Party in the Discovery Process in this Matter, whether formal or

informal.

---

[1] *See Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004) (holding
that an analysis of HIPAA's preemption provisions was unnecessary because
Illinois state laws related to the disclosure of protected health information do not
govern in federal-question suits); *In re Zyprexa Prods. Liab. Litig.*, 254 F.R.D. 50
(E.D.N.Y. 2008); *Sunrise Opportunities, Inc. v. Regier*, 05 C 2825, 2006 WL
581150 (N.D. Ill. Mar. 7, 2006) (state law privileges cannot be used to prevent the
production of relevant documents in a case grounded in a federal question; health
facility ordered to produce un-redacted medical records subject to a protective
order); *In re Grand Jury Proceedings*, 450 F. Supp. 2d 115, 116 (D. Me. 2006);
*Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 620 (W.D. Tex. 2005);
*Kalinoski v. Evans*, 377 F. Supp. 2d 136, 137 (D.D.C. 2005) (state laws relating to
privacy of mental health information that are more stringent than HIPAA -
although not preempted by those regulations- are unenforceable with regard to
federal claims in federal court); *Nat'l Abortion Fed'n v. Ashcroft*, 03 CIV. 8695
(RCC), 2004 WL 555701 at *4 (S.D.N.Y. Mar. 19, 2004) (HIPAA does not make
state law binding in a case arising "under federal law brought in federal court.");
*U.S. ex rel. Stewart v. Louisiana Clinic*, CIV. A. 99-1767, 2002 WL 31819130
(E.D. La. Dec. 12, 2002) (under *Federal Rule of Evidence* 501, state laws related to
the disclosure of protected health information will only apply in diversity cases and
that federal law will apply in federal question cases).

963544.1

2. <u>**Definitions**</u>

A. <u>Confidential Information</u>. "Confidential Information" shall mean any non-public information, produced during the Discovery Process, deserving protection under Federal Rule of Civil Procedure 26(c) because the Producing Party in good faith reasonably believes that the documents or information so designated constitute (a) trade secret or other confidential information, (b) information that is personal, proprietary, or commercially sensitive, or (c) other confidential information that would not be available outside the context of this Matter, the disclosure of which would cause injury that requires the protection of this Protective Order.

B. <u>Highly Confidential Information</u>. "Highly Confidential Information" is a subset of Confidential Information (as defined in A., above) and shall mean sensitive information that has some competitive, financial, or other value warranting significant protection, as determined in good faith by the Producing Party because it would create an undue risk of injury to the Producing Party and/or third parties that would not exist in the absence of such disclosure and would not otherwise be adequately protected under the procedures set forth herein for Confidential Information. "Highly Confidential Information" also includes all Confidential Health Information (as defined in C., below).

C.   <u>Confidential Health Information</u>.  "Confidential Health Information" shall mean information supplied in any form, including in documents, that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual.  These terms specifically include "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996.  *See* 45 C.F.R. § 160.103 (defining "protected health information" and "individually identifiable health information").  Confidential Health Information includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests.  Confidential Health Information also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.   In order to facilitate the production of Confidential Health Information and to protect its confidentiality, the parties from whom such

963544.1

5

Confidential Health Information is sought may produce such material to any Party in the Matter in an unredacted form without such production constituting a waiver of confidentiality.  However, the use of such unredacted Confidential Health Information is governed by the terms of this Protected Order with respect to Highly Confidential Information.   As described above, Confidential Health Information shall be treated and designated as "Highly Confidential Information."

D.     <u>Counsel</u>.  "Counsel" shall mean attorneys and firms presently counsel of record in this Matter and attorneys employed or otherwise retained by Defendants who are directing, managing, or assisting the litigation of this Matter.

E.     <u>Disclose</u>.  "Disclose" shall mean to show, divulge, reveal, produce, describe, or transmit, in whole or in part, either orally or in writing.

F.     <u>Discovery Process</u>. "Discovery Process" shall mean any request for information in this Matter (a "Request") and any response (a "Response") to that Request, including any Request and Response made pursuant to subpoena.

G.     <u>Document</u>.  "Document" shall have the meaning set forth in the Federal Rules of Civil Procedure.

H.     <u>Information</u>.  "Information" shall mean anything produced by any Producing Party during the course of the Discovery Process, including but not limited to documents, data, communications, electronically stored information

963544.1

6

("ESI") as defined by the Federal Rules of Civil Procedure and federal case law, objects or things, deposition testimony and exhibits, responses to interrogatories, responses to requests for admission, and any copies, excerpts, summaries, compilations, or analyses thereof whether in oral, written, or in electronic format and whether produced or supplied pursuant to a formal discovery request or subpoena, a request made at a deposition or any other formal or informal means.

I.    Matter.  "Matter" shall mean the litigation captioned *United States of America, ex rel. Alon J. Vainer, M.D., F.A.C.P. and Daniel D. Barbir, R.N. v. DaVita Inc., et al.*, Civil Action File No. 1:07-cv-2509-CAP, pending in the United States District Court for the Northern District of Georgia, and any appeals taken therefrom.

J.    Owner.  "Owner" shall mean the Party or Third Party who, prior to this Matter, was the owner or controller of the Information at issue.

K.    Parties.  "Parties" shall mean the following: (1) Plaintiffs Alon J. Vainer and Daniel D. Barbir, (2) Defendants DaVita Inc. and Gambro Healthcare, Inc. (currently known as DVA Renal Healthcare, Inc.) and their respective subsidiaries and affiliated companies, (3) Counterplaintiffs DaVita Inc. and DVA Renal Healthcare, Inc. (f/k/a Gambro Healthcare, Inc.), and (4) Counterdefendant Alon J. Vainer, in this Matter.  The definition of "Parties" also includes the

963544.1

7

officers, directors, employees, and agents of Defendants DaVita Inc. and DVA

Renal Healthcare, Inc., for purposes of this Protective Order only and for no other

purpose.

  L. <u>Producing Party</u>.  "Producing Party" shall mean any Party or Third

Party that produces Information in this Matter, including through subpoena.

  M. <u>Protected Information</u>.  "Protected Information" shall mean

Information designated as Confidential, Highly Confidential, or Confidential

Health Information as well as any excerpts, summaries, notes, compilations, or

analyses of Information that has been so designated.

  N. <u>Receiving Party</u>.  "Receiving Party" shall mean a Party that obtains

Information in this Matter through the Discovery Process.

  O. <u>Third Party</u>.  "Third Party" shall mean any natural person, partnership,

corporation, association, government body, government agency, or other legal or

government entity not named as a Party to this Matter.

**3.** **<u>Designation of Confidential or Highly Confidential Information</u>**

  The designation of Protected Information shall be performed in the

following manner:

a)     A Producing Party may designate Information as Confidential or Highly Confidential by placing on or affixing to a Document containing Protected Information the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate along with a Bates number on each page of the Document entitled to such designation (in such manner as will not interfere with the legibility thereof). With respect to ESI produced in electronic format the Producing Party shall affix to the physical media on which the Protected Information is produced the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

b)     If Information cannot practically be designated Confidential or Highly Confidential for whatever reason including, but not limited to, the format of the ESI, the Producing Party shall provide written notice of the designation of the Information to the Receiving Party. A Receiving Party shall not transmit Information produced in accordance with this paragraph without informing any recipient of the Information of its protected nature and, additionally, complying with the terms of this Protective Order governing the use of Protected Information. Moreover, if a Party prints or otherwise converts

materials containing Protected Information, the resulting printed or converted version of the material must be clearly labeled as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

c)   Interrogatory answers or other discovery responses and Protected Information contained therein shall be designated as Confidential or Highly Confidential by means of a statement at the conclusion of each answer specifying the Information that is Confidential or Highly Confidential contained therein or by other means that clearly indicate what portion of the answer is considered Confidential or Highly Confidential and by placing the legend referenced in subpart (a) above on the front of any set of interrogatory answers or other discovery responses containing such Protected Information.

d)   Deposition testimony, deposition transcripts, deposition exhibits, and video recordings of a deposition must be treated as Highly Confidential for thirty (30) calendar days after receipt of the final deposition transcript to allow time for Parties and Non-Parties to designate by page and line number those portions that are to be treated as Protected Information. If no one has designated any portion of a transcript as Protected Information within thirty (30) calendar days

after receipt of the transcript, then the entire deposition will be treated as non-confidential.  Parties and Non-Parties may also designate specific testimony or transcript pages or exhibits as Protected Information by notice on the record at the deposition.

e)   A designation that Information is Confidential or Highly Confidential shall constitute a representation to the Court, made in good faith, that the Protected Information is not reasonably believed to be already in the public domain, and that the Producing Party and its Counsel believe that the information so designated constitutes Confidential or Highly Confidential Information, as appropriate, as defined in this Order.

f)   If a Producing Party inadvertently or unintentionally produces to a Receiving Party any Protected Information without designating it as provided in Paragraph 3 of this Protective Order, the Producing Party shall promptly give notice to the Receiving Party in writing and thereafter the Receiving Party shall immediately treat the Information as Protected Information and it shall be deemed as having been designated as Protected Information from the time such notice is received.  Such inadvertent or unintentional disclosure shall not be

963544.1

11

deemed a waiver, in whole or in part, of the Producing Party's claim of restriction either as to specific documents and Information disclosed or on the same or related subject matter. To the extent that a Receiving Party has disclosed or used Protected Information under this Order before designation under this paragraph in a manner inconsistent with the revised designation, the Receiving Party shall notify the Producing Party of the disclosure or use in accordance with Paragraph 11 below.

g)    Upon entry of this Order, no Party shall subpoena or request Confidential Health Information in the Discovery Process without informing the recipient of the subpoena or request of the existence of this Order.

## 4.    <u>Right to Challenge Designation</u>

If a party to this Order disagrees, in full or in part, with a Producing Party's designation of Confidential or Highly Confidential Information, such party shall notify the Producing Party in writing stating the basis for its disagreement, and the Producing Party shall thereafter state the basis for the designation and confer in good faith as to the designation of the Protected Information. If the parties are unable to reach agreement on the proper designation of the Protected Information,

963544.1

the party objecting to the designation may move the Court for an order re-classifying the designation.  In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party shall bear the burden of showing that challenged documents are due designation as Confidential or Highly Confidential Information.  While such a motion is pending, and unless and until the Court orders that the designation was not correct, the Information in question shall be treated under its original designation.  This paragraph does not apply to any Information or materials produced by parties operating as Medicare contractors (*e.g.*, Medicare fiscal intermediaries and Medicare Administrative Contractors) or any agencies or departments of the United States government.

**5.** **Access to Highly Confidential Information**

A Receiving Party may not disclose documents and Information designated as Highly Confidential or otherwise make such material available to any person or entity other than to:

a) the Court and its staff, either *in camera* or redacted, or filed under seal as described below or as otherwise directed by the Court;

b) Counsel for the Receiving Party and any paralegals and other staff for Counsel who are actually working on this Matter under their

supervision, provided that such Counsel, paralegals, and staff use the Highly Confidential Information solely in connection with this Matter;

c)   Independent experts or consultants retained by a Party to advise or assist Counsel for any Party to this Matter provided, however, that such consultant or expert (i) is not currently an employee of any Party to this Matter, (ii) is receiving and/or using the Highly Confidential Information solely in connection with this Matter, and (iii)  consents to be bound by the terms of this Protective Order by executing the Confidentiality Agreement attached hereto as Exhibit A;

d)   stenographic and video reporters engaged in proceedings incident to this Matter;

e)   discovery consultants, processors, and vendors, outside document copying services, document coding or computerization services, demonstrative exhibit vendors, and jury consultants who are employed to advise or assist Counsel for any Party in connection with this Matter except that any such persons must consent to be bound by this Protective Order by executing the Confidentiality Agreement attached hereto as Exhibit A;

963544.1

14

f)      Special Masters, mediators, or third parties appointed by the Court or

retained by the Parties for purposes of settlement or the resolution of

discovery or other disputes in this Matter, and their necessary staff,

except that any such persons must consent to be bound by this

Protective Order by executing the Confidentiality Agreement attached

hereto as Exhibit A;

g)      any other person only upon Order of the Court or stipulation of

Counsel in this Matter; and

h)      any person known from the face of the document to have created,

sent, or received, in the scope of their employment, the Highly

Confidential Information outside of the Discovery Process.

Counsel providing Highly Confidential Information, as permitted and set

forth in this Paragraph 5 above, shall take reasonable efforts to ensure compliance

with the provisions of this Protective Order, including requiring the signing of the

Confidentiality Agreement  attached as Exhibit A to this Order.

6.   **Access to Confidential Information**

A Receiving Party may not disclose documents and Information designated

as Confidential Information or otherwise make such discovery material available to

any person or entity other than the persons listed in Paragraph 5 above and the

963544.1

15

officers and employees of Parties to this Matter, and in any such instance, only to the extent necessary to prosecute, defend, or settle this Matter.

Counsel providing Confidential Information to those set forth in Paragraphs 5 and 6 herein shall take reasonable efforts to ensure compliance with the provisions of this Protective Order, including requiring the signing of the Confidentiality Order attached hereto as Exhibit A.

## 7.    **Disclosure to Experts or Consultants**

Protected Information shall not be made available to any expert or consultant identified in Paragraph 5 or 6 above unless that person, and any assistant(s) or associates he or she will use to assist in the substance of the engagement has first read this Order and has agreed to be bound to the  terms of this Order by signing the  Confidentiality Order attached hereto as Exhibit  A.  Protected Information may only be provided as set forth herein and to the extent necessary for such expert or consultant to prepare a written opinion in this Matter, to prepare to testify in this Matter, or to assist Counsel in the prosecution or defense of this Matter, provided that such expert or consultant uses such Protected Information solely in connection with this Matter.  Each such signed Confidentiality Order shall be provided to the Party retaining the expert or consultant until the termination of this Matter and the receipt of the related certification required by Paragraph 17 below.  No Party shall

963544.1

16

be required to provide such certifications to any other Party or Third Party unless the Court so requires, although any expert or consultant who is deposed in this Matter may be questioned on his or her compliance with this Paragraph.

**8.    Good Faith**

The Parties agree to designate Information as Confidential or Highly Confidential pursuant to Paragraph 3 above solely upon a good faith belief that the Information should be so designated.  The Parties agree to undertake challenges of designations only on a good faith belief that such designation is unwarranted.

**9.    Permissible Use**

Discovery Material that is designated as Confidential or Highly Confidential pursuant to this Protective Order shall not be disclosed to any person except in accordance with the terms of this Protective Order.  Discovery material shall be used only for the prosecution or defense in this Matter and shall not be used for any other purposes including, without limitation any other litigation, action, claim or proceeding in any forum or agency, or any other purpose.  The parties are prohibited from using or disclosing the Protected Information and the substance or content thereof for any purpose other than for this Matter.  Protected Information shall be maintained by the Receiving Parties under the overall supervision of their Counsel.  Any person found to have violated this Order may be subject to such

963544.1

sanctions and penalties as required by federal law and/or as the Court may deem appropriate, including without limitation, civil and criminal penalties for contempt of court and issue or claim preclusion.  Protected Information shall not be copied or reproduced for use in this Matter except to the extent such copying or reproduction is reasonably necessary to the conduct of this Matter and all such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of Protected Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.  All copies or reproductions of Protected Information shall be kept under the control of the persons described in this Order.

After the conclusion of this Matter, the parties shall follow the procedures and practices described in Paragraph 17 with respect to the return and destruction of Protected Information.

**10.**   **<u>Protection</u>**

Any person in possession of Protected Information shall exercise extreme care with regard to the storage, custody, or use of such Protected Information and shall employ at least the same degree of care with respect to Protected Information

as they would apply to their own Information of the same or comparable

sensitivity.  Parties must implement administrative, physical, and technical

safeguards that reasonably and appropriately protect the confidentiality, integrity,

and availability of Confidential Health Information and/or personal health

information that it creates, receives, maintains, or transmits pursuant to the

Protective Order.

Notwithstanding any provision of this Order to the contrary, in accordance

with any applicable federal laws that afford heightened protection to certain

categories of Confidential Health Information, including, but not limited to,

records or diagnosis or treatment for alcohol or substance abuse, certain sexually

transmitted diseases such as HIV/AIDS, mental health, and research and other

records pertaining to genetic testing, the Producing Party may completely exclude

from production any information afforded heightened protection by such federal

laws.  In the event that documents are withheld from production based on claims of

heightened protection as addressed in this paragraph, the Producing Party will

provide a log of documents withheld from production in accordance with Rules

26(e) and 34(b) of the Federal Rules of Civil Procedure, which will identify the

document by type, general description, Bates number range, author, recipients, and

date.

963544.1

**11.**   <u>**Disclosure**</u>

If Protected Information is used or disclosed by a Receiving Party to anyone other than in a manner authorized by this Protective Order, the person or Party responsible for such disclosure must bring all pertinent facts relating to such disclosure to the attention of the Producing Party and the Owner of the Protected Information within three (3) business days of learning of the disclosure or use and make reasonable efforts to retrieve such Protected Information and to prevent unauthorized disclosure or use.

**12.**   <u>**Use of Protected Information in Depositions**</u>

During a deposition, a deponent may be shown and examined about Protected Information if the provisions of this paragraph are followed.

a)   Witnesses at trial, deposition, or hearing in the ordinary course of examination may be shown Highly Confidential Information provided that from the face of the document it is apparent that the witness has already seen it.  If it becomes apparent during the course of questioning that the witness has not seen the document, then it shall immediately be withdrawn from the witness and the witness shall not be allowed to retain copies of the document or any portions of his or her deposition transcript referring to the document.  Moreover, no

Receiving Party may disclose Highly Confidential documents or information to any witness in advance of such examination and in no event shall any witness retain a copy of any Highly Confidential documents or Information.  If the witness is a former employee of the Producing Party, the Producing Party shall, seven (7) calendar days before the deposition, hearing, or trial, identify in writing for the Party that intends to examine the witness, any Highly Confidential documents that may not be shown to the witness.

b)   A deponent shall be furnished with a copy of this Order before the deponent is examined about Confidential Information, and will be asked to sign the Confidentiality Agreement, attached hereto as Exhibit A, if he or she has not done so already.  In the event that a deponent refuses to sign the Confidentiality Order, Counsel conducting the deposition questioning shall inform the deponent on the record in the deposition of the requirements of the Order, including that the deponent is prohibited from sharing or discussing Confidential Information with anyone outside the deposition, unless the disclosure is consistent with the Order.  Deponents shall not retain or copy portions of the transcript of their depositions that contain

Confidential Information not provided by them or the entities they are affiliated with unless they sign the Confidentiality Order attached hereto as Exhibit A; if they do not, deponents shall be invited to read, correct, and sign their deposition transcripts at the offices of the court reporting firm or Counsel for the Parties, whichever is more convenient for the deponents.  For any deponent who does not sign the Confidentiality Order, Counsel will refrain from showing that deponent any Confidential Information produced by parties operating as Medicare contractors (*e.g.*, Medicare fiscal intermediaries and Medicare Administrative Contractors) or any agencies or departments of the United States government unless Counsel elicits on the record that (1) the information at issue was submitted to the Producing Party by the deponent or deponent's practice, and (2) the deponent had access to that information in the scope of the deponent's employment. For any deponent who does not sign a Confidentiality Order, and who is shown claims data that they or their practice produced, Counsel will jointly designate all testimony about the claims data as Highly Confidential.

963544.1

c)      At or before the first time that any Confidential Information is presented as an exhibit, quoted, or referred to in any deposition, an announcement will be made on the record by the Counsel questioning the deponent, explaining that certain Information is protected by this Order.  Prior to the questioning of a deponent about Confidential Information, all Parties present are to take steps to ensure that only persons permitted by Paragraphs 5 and 6 of the Protective Order have access to such Information are present and that any exhibits provided during the deposition that contain Confidential Information are protected as required by this Order.

d)      Nothing in this paragraph shall limit or restrict any Party's right to inquire about or show Confidential Information to a deponent who is an officer, director, employee, or agent of the Producing Party or Owner of the Confidential Information.

e)      Nothing in this paragraph shall limit or restrict any Party's right to show Protected Information to the persons authorized to receive the information as set forth in Paragraphs 5 and 6.

f)      Nothing in this paragraph prevents a Party or Third Party from thereafter removing or challenging such confidentiality designations.

963544.1

Any challenge to the designation of deposition testimony as Confidential or Highly Confidential will be in accordance with Paragraph 4 above.

13. **Making Available for Inspection**

In the event a Producing Party elects to produce documents and things for inspection, no marking need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all documents and things produced shall be considered as designated "HIGHLY CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting Party, the Producing Party shall mark the copies of such documents as may contain Protected Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting Party.

14. **Use of Protected Information In Court Materials.**

a)   The Parties shall make a good faith effort to avoid unnecessarily filing documents or revealing information designated as Confidential or Highly Confidential in the public record.  To the extent any party in good faith has reason to file any paper with the Court containing Confidential or Highly Confidential Information, no later than five (5) business days before the Party intends to file the Protected

963544.1

24

Information with the Court it shall indicate its intention to do so by entry of a "notice" on the CM/ECF docket.  This notice shall be in the form of a "Notice of Intent to File Information Subject to Protective Order," which shall be electronically filed with the Clerk and served on all Parties, including any Third Parties to the extent they are the Producing Party with respect to such materials.  The notice shall identify the Protected Information by Bates range and shall identify the Protected Information testimony by witness' name and either the transcript page and line numbers or the exhibit number with a corresponding Bates number.  The Notice shall not, however, contain any Protected Information.  In response to the Notice, the Designating Party shall undertake one or more of the following steps within four (4) business days:  (a)  inform the party filing the Notice in writing that some or all of the Protected Information identified in the notice may be filed publicly; (b)  prepare redacted copies of some or all of the Protected Information and provide those to the Party filing the Notice as soon as practicable; and/or (c)  first present to chambers a motion to file under seal pursuant to this Paragraph.

b)    In accordance with Standing Order 04-02 and this Court's practice, the following procedures shall govern motions to file Protected Information under seal.  The Producing Party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to chambers.  That notice shall identify by Bates range the documents the Producing Party has moved to file under seal and shall identify testimony the Producing Party has moved to file under seal by witness' name and either the transcript page and line numbers or the exhibit number with a corresponding Bates number.  The motion shall cite Standing Order 04-02 or, if Standing Order 04-02 does not contemplate protecting the material from disclosure, a showing of very good cause, which contemplates that the Party has a genuine legal basis for protection such as national security, protected health information, or the protection of trade secrets, sensitive personal financial information, or commercial pricing data the release of which could harm a party's competitive position.  Attached to the motion presented in chambers should be the material desired to be sealed.  The Court notes that a mere reference or discussion of Protected Information does not warrant that the entire document and all

attachments are to be filed under seal.  Instead, the Court will only seal (or file in a redacted format) very specific portions of documents that contain or refer to Protected Information.  The Court will review the material *in camera* and make a decision whether to grant or deny the motion to seal.  If a Party wishes to file material designated as entitled to protection by the other Party or a non-party, the filing party is directed to include a certification that it made a good faith attempt to confer as set forth in Subparagraph 14(a) above, with the designating Party or Non-Party but was unable to obtain consent to file the material unsealed.  If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order and accompanying materials to the Clerk of Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, the Court will contact the filing party, which will then retrieve the motion and materials and inform all other parties in writing as to the Court's denial of the motion.  If the Court denies the motion, the party wishing to file the materials publicly may do so.

963544.1

c)      Notwithstanding the foregoing, the Parties shall be required to redact Confidential Health Information to remove individual patient identifiers, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit referring, relating to, or including Confidential Health Information be placed under seal, introduce summary evidence, where practicable, which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. For materials produced by parties operating as Medicare contractors (*e.g.*, Medicare fiscal intermediaries and Medicare Administrative Contractors) or any agencies or departments of the United States government, the filing Party shall protect the confidential nature of the Protected Information consistent with the Local Rules and Standing Orders of the Northern District of Georgia, including, but not limited to, the Court's policy on filing materials containing sensitive personal identifiers (*e.g.*, social security numbers, dates of birth, financial account numbers, and home addresses).

15.    **<u>Protected Information in Open Court</u>**

During any hearing or the trial of this Matter, the Parties shall redact Confidential Health Information to remove individual patient identifiers, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit referring, relating to or including Confidential Health Information be placed under seal, introduce summary evidence, where practicable, which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed.  Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of Protected Information.

16.    **<u>Legal Significance of Compliance</u>**

Entering into this Protective Order, agreeing to this Protective Order, and/or producing or receiving Confidential Information and Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    a)    Prejudice in any way the rights of any Party to object to the production of Information it considers not subject to discovery, or operate as an admission by any Party that the restrictions and

procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information and Highly Confidential Information;

b)   Prejudice in any way the rights of any Party to object to the authenticity of any Information, testimony, or evidence subject to this Protective Order;

c)   Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

d)   Prevent any Party from agreeing in writing to alter or waive the provisions or protection provided for herein with respect to any particular Information that Party has designated as Confidential Information or Highly Confidential Information.

For purposes of this paragraph, the same rights, terms, and limitations shall apply to any Third Party who produces Protected Information in this Matter and any Owner of Protected Information produced in this Matter.

## 17.   **Procedures After Termination of this Matter**

All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding on the Parties and Non-

963544.1

30

Parties and all persons who have received Information under this Protective Order, after the conclusion of this Matter, including all appeals and other reviews.

Within ninety (90) calendar days after the conclusion of this Matter including the exhaustion of all possible appeals and other reviews, any Receiving Party that has received any originals or reproductions of Protected Information absent a court order or written agreement to the contrary, shall return to the Producing Party or destroy such Protected Information, except that Counsel shall be entitled to retain attorney work product that does not contain or reflect specific Protected Information.  Parties and their Counsel shall not retrieve any Confidential or Highly Confidential Information from electronic disaster recovery systems after the conclusion of the Matter, including any appeals or reviews.  The Receiving Party or its Counsel shall certify in writing that all such Information has been returned or destroyed.  Notwithstanding any language in this paragraph, any originals or non-electronic copies of Protected Information produced by parties operating as Medicare contractors (*e.g*., Medicare fiscal intermediaries and Medicare Administrative Contractors) or any agencies or departments of the United States government shall be returned to the Producing Party, unless the Producing Party expressly directs otherwise.

Within sixty (60) days of the final termination of the Matter, including the exhaustion of all possible appeals and reviews, copies of Protected Information provided by a Party to any experts or consultants or other Non-Parties should be retrieved by the Party that provided the Protected Information or be destroyed by the expert or consultant or non-party.  Any expert or consultant or Non-Party receiving Protected Information will be required to certify in writing that all such Information has been returned or destroyed within ninety (90) days of the final termination of the Matter, including any appeals or reviews, and such certification shall be maintained by Counsel obtaining same.

Should any person or Party bound by this Order (including a Receiving Party) receive a subpoena, civil investigative demand, or other process from a third-party seeking, requesting, or requiring disclosure of Protected Information in any form, including a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") or other similar state statute or some other form of legal process from any court, federal, or state regulatory or administrative body or agency, legislative body or other person or entity seeking the production of Protected Information that was produced by a person or entity other than the recipient of such subpoena, information request or other form of legal process, such person shall give written notice immediately but no later than seven (7) business days

963544.1

before the return date for such subpoena, information request or other form of legal process, to Counsel for the Producing Party so that the Producing Party may seek appropriate relief, if any.  Notice related to documents obtained from any agencies or departments of the United States government shall take the form of written notification to the agency or department in question, and notice related to documents obtained from parties operating as Medicare contractors (*e.g.*, Medicare fiscal intermediaries and Medicare Administrative Contractors) shall take the form of written notification to the general counsel of the entity in question.  In the event the Producing Party files a motion for protective order or to quash the subpoena, information request or other compulsory process, no Protected Information will be produced in response to the subpoena, information request or other compulsory process without the written consent of the Producing Party unless ordered by a court having competent jurisdiction and such production or disclosure is in accordance with the provisions herein.  No person bound by this Order who receives a subpoena, civil investigative demand, or other process from a third-party seeking, requesting, or requiring the disclosure of Confidential Health Information

shall produce or disclose such documents or information unless and until (a)

ordered by a court having competent jurisdiction, or (b) such production or

disclosure is in accordance with the provisions herein and is expressly consented to

by the Producing Party.

Parties will not object to Producing Parties and Owners having a reasonable

opportunity to appear in the Matter or process commanding disclosure of their

Protected Information for the sole purpose of seeking to prevent or restrict

disclosure thereof.

## 18. **Modification Permitted**

Nothing in this Order shall prevent any Party from seeking modification of

this Order for good cause, or from objecting to discovery that it believes to be

otherwise improper or is not allowed by applicable laws or rules.

## 19. **Responsibility of Attorneys; Copies**

Counsel are responsible for employing reasonable measures to control and

track, consistent with this Protective Order, access to and distribution of Protected

Information, including abstracts and summaries thereof.

## 20. **No Waiver of Privilege or Other Relevant Protection**

If Information subject to a claim of attorney-client privilege or work product

protection or any other privilege, protection, or immunity is inadvertently or

963544.1

mistakenly produced, such production shall in no way prejudice or otherwise

constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of

privilege, protection, or immunity for such Information as provided under

applicable law, including Federal Rule of Evidence 502.  If a Producing Party has

inadvertently or mistakenly produced Information subject to a claim of immunity,

protection or privilege, and if the Producing Party makes a written request for the

return of such Information, the Information for which a claim of inadvertent

production is made, as well as all copies, shall be returned immediately unless the

Receiving Party disputes the claim of privilege, protection, or immunity.

Likewise, any analyses, memoranda, or notes that were internally generated based

upon such inadvertently-produced Information must be destroyed upon receipt of

such a written request from the Producing Party, unless the Receiving Party

disputes the claim of privilege, protection, or immunity.  The Producing Party will

promptly include information explaining the asserted privilege, protection, or

immunity on a privilege log.  If the Receiving Party disputes the Producing Party's

assertion of privilege, protection, or immunity on any Information, the Receiving

Party must sequester the Information until the Court rules on the applicability of

privilege, protection, or immunity to that Information.  The Producing Party shall request that the Court rule on whether the Information should be deemed privileged or otherwise protected, and in the event that the Information is deemed privileged or otherwise protected by the Court and if there is no immediate appeal of the Court's findings of privilege or protection, the Receiving Party shall promptly return the privileged Information and destroy any notes, memoranda, or analyses that were generated.  Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially privileged or protected Information *in camera.*

**21.**   **No Waiver of Right to Object to Scope of Discovery**

This Order shall not enlarge or affect the proper scope of discovery in this Matter or any other litigation; nor shall this order imply that Information is properly discoverable, relevant, or admissible in this Matter or any other litigation. Any Party reserves the right to object to any production or disclosure of Information on any ground it may deem appropriate.

**22.**   **No Waiver of Rights to Seek Further Relief**

The entry of this Order shall be without prejudice to the rights of the Parties or of any Non-Party to assert or apply for additional or different protection for

good cause.  Nothing in this Order shall prevent any Party from seeking an

appropriate protective order to further govern the use of Protected Information at

any Court hearing or trial.

**23.    Miscellaneous**

Nothing in this Order shall prevent a Producing Party or Owner from any

use of Protected Information in its possession, custody, or control.

Additionally, neither the taking of nor the failure to take any action to

enforce any provision of this Protective Order, nor the failure to object to any such

action or omission shall constitute a waiver of any claim or defense in the trial of

this Matter or any other action, including but not limited to any claim or defense

that any information is or is not confidential or proprietary to any Party or that such

information embodies trade secrets of any Party.

**24.    Jurisdiction**

Each person executing the Confidentiality Order of the Protective Order

(Exhibit A) submits to the jurisdiction of this Court for the purposes of

enforcement of this Order.  Jurisdiction over this Matter is to be retained by this

Court after final determination for purposes of enabling any Party or persons

affected by this Order to apply to the Court at any time for such direction or further

963544.1

decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

**25.** **Conflicts**

Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients in this Matter and, in the course thereof, relying generally on examination of Protected Information; provided, however, that in rendering such advice and otherwise communicating with such client, Counsel shall not make specific disclosure of any item so designated except as is consistent with this Order.

**26.** **Counterparts**

This Order may be signed in counterparts, and each such counterpart shall be deemed an original.

This Protective Order is binding on all Parties to this Matter.  In the event that additional parties join or are joined in this Matter they shall not have access to Protected Information until the newly joined Party by its/their counsel has/have

executed and filed with the Court its agreement to be bound by this Protective

Order.

IT IS SO ORDERED this 22nd day of _____May_____, 2012.


/s/Charles A. Pannell, Jr.
THE HONORABLE CHARLES A. PANNELL JR.
UNITED STATES DISTRICT JUDGE


Stipulated and agreed to this 18th day of May, 2012.

| | |
|---|---|
| */s/ L. Lin Wood, Jr.* | */s/ John E. Floyd* |
| L. Lin Wood, Jr. | John E. Floyd |
| Georgia Bar No. 774588 | Georgia Bar No. 266413 |
| Stacey Godfrey Evans | H. Lamar Mixson |
| Georgia Bar No. 298555 | Georgia Bar No. 514012 |
| Katherine V. Hernacki | Ben E. Fox |
| Georgia Bar No. 727027 | Georgia Bar No. 329427 |
| Wood, Hernacki & Evans, LLC | Bondurant, Mixson & Elmore LLP |
| 1180 W. Peachtree St. NW, Ste. 2400 | 1201 West Peachtree St., NW, Ste. 3900 |
| Atlanta, Georgia  30309 | Atlanta, Georgia  30309 |
| lwood@whetriallaw.com | Telephone: 404-881-4100 |
| sevans@whetriallaw.com | Facsimile: 404-881-4111 |
| khernacki@whetriallaw.com | *floyd@bmelaw.com* |
| | *fox@bmelaw.com* |
| | |
| Marlan B. Wilbanks | Mark W. Pearlstein (*pro hac vice*) |
| Tyrone M. Bridges | Laura McLane (*pro hac vice*) |
| Wilbanks & Bridges, LLP | McDermott Will & Emery LLP |
| 3414 Peachtree Rd., NE Ste. 1075 | 28 State Street |
| Atlanta, Georgia  30326 | Boston, MA 02109-1775 |
| *mbw@wilbanks-bridgeslaw.com* | Telephone: 617-535-4000 |
| *tmb@wilbanks-bridgeslaw.com* | *mpearlstein@mwe.com* |
| | *lmclane@mwe.com* |

963544.1

Jeffrey D. Horst
Georgia Bar No. 367834
Zahra S. Karinshak
Georgia Bar No. 407911
Christopher E. Adams
Georgia Bar No. 789600
Krevolin & Horst, LLC
1201 W. Peachtree St., NW, Ste. 3250
Atlanta, Georgia  30309
*horst@khlawfirm.com*
*karinshak@khlawfirm.com*
*adams@khlawfirm.com*

*Attorneys for Plaintiffs Alon J. Vainer
and Daniel D. Barbir*

Bobby Lee Cook
Georgia Bar No. 183100
Cook & Connelly
9899 Commerce Street
P.O. Box 370
Summerville, GA 30747
Phone: 706-857-3421
Fax: 706-857-1520
*cookandconnelly@windstream.net*

*Attorneys for Defendants
DaVita Inc. and Gambro Healthcare, Inc.
(currently known as DVA Renal
Healthcare, Inc.)*

963544.1

40

# ATTACHMENT A

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* | ) | |
| **ALON J. VAINER, M.D., F.A.C.P. and** | ) | |
| **DANIEL D. BARBIR, R.N.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action File No.** |
| | ) | **1:07-CV-2509** |
| **v.** | ) | |
| | ) | |
| **DAVITA INC. and GAMBRO** | ) | |
| **HEALTHCARE, INC., and their respective** | ) | |
| **subsidiaries and affiliated companies,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| **DAVITA INC. and DVA RENAL** | ) | |
| **HEALTHCARE, INC. F/K/A GAMBRO** | ) | |
| **HEALTHCARE, INC.,** | ) | |
| | ) | |
| **Counterplaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALON J. VAINER, M.D.** | ) | |
| | ) | |
| **Counterdefendant.** | ) | |
| _____ | ) | |

## AGREEMENT TO BE GOVERNED BY CONFIDENTIALITY ORDER

I, _____, hereby attest to my

understanding that Information designated as Confidential Information,

Confidential Health Information and/or Highly Confidential Information

("Protected Information") is provided to me subject to the Protective Order, dated

_____, 2012 (the "Protective Order"), in the above-

captioned litigation and any related discovery as well as any appeals taken

therefrom (the "Matter"); that I have been given a copy of and have read and

understand the Protective Order; and that I agree to be bound by its terms.  I also

understand that my execution of this Confidentiality Order, indicating my

agreement to be bound by the Protective Order, is a prerequisite to my review of

any Information designated as Protected Information pursuant to the Protective

Order.

I further agree that I shall not disclose to others, except in accord with the

Protective Order, any Protected Information, in any form whatsoever, and that

Protected Information may be used only for the purposes authorized by the

Protective Order.

I further agree either to return or destroy all copies of any Protected

Information that I have received to counsel who provided them to me, or to destroy

963544.1

42

such Protected Information, upon completion of the purpose for which they were

provided and no later than sixty (60) days after the conclusion of this Matter,

including all appeals, and to so certify as provided by the terms of the Protective

Order.

I further agree and attest to my understanding that my obligation to honor

the confidentiality of such Protected Information will continue even after this

Matter concludes.

I further agree and attest to my understanding that, if I fail to abide by the

terms of the Protective Order, I may be subject to sanctions, including contempt of

court, for such failure.  I agree to be subject to the jurisdiction of the United States

District Court for the Northern District of Georgia, for the purposes of any

proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective

Order as soon as I sign this Agreement, regardless of whether the Protective Order

has been entered by the Court, including the provisions limiting the use of

Protected Information, requiring appropriate safeguarding of Protected

Information, and requiring certification regarding the disposal of Protected

Information at the termination of this Matter.

By: _____

Date: _____