IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ALON J. VAINER, M.D., F.A.C.P., and DANIEL D. BARBIR, R.N., | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:07-CV-2509-CAP-JSA |
| DAVITA, INC., and GAMBRO HEATHCARE, INC., | : : : |
| Defendants. | : |

**O R D E R**

Relators' Motion to Compel [125] and Defendants' Motion to Compel [127] having come before the Court, the same having been read and considered, and oral arguments from counsel being heard and considered, for good cause shown, and for the reasons stated in open court during the hearing on November 5, 2012, **IT IS HEREBY ORDERED THAT** the Motions [125][127] are **GRANTED IN PART** and **DENIED IN PART** as follows:

I.  Relators' Motion to Compel [125]

   A.  Relators requested documents regarding the dialysis medication Epogen. Defendants objected to these requests on several grounds, including

objections that the requests were overbroad. However, notwithstanding their objections, Defendants maintain that they have already begun producing certain documents regarding Epogen. For the reasons stated in open court during the November 5, 2012 hearing, the Court **GRANTS IN PART** the Motion [125], and **ORDERS** Defendants to produce, to the extent Defendants have not already done so, dosing grids; communications; guidance and instructions; policy and procedure manuals or other such documents; and financial analyses relating to Epogen to the extent those documents relate to any of the following issues: 1) re-entry of single dose vials of Epogen; 2) combining single dose vials of Epogen; or 3) the use of overfill in Epogen vials. To the extent that Plaintiffs' Epogen document requests seek more than these documents, Defendants' objections are **SUSTAINED** and the Motion to Compel [125] is **DENIED IN PART**.

B. Relators requested documents regarding the dialysis medication Hectorol. Defendants objected to these requests on several grounds, including objections that the requests were overbroad. Notwithstanding their objections, Defendants maintain that they have already begun

producing certain documents regarding Hectorol. For the reasons stated in open court during the November 5, 2012 hearing, the Court **GRANTS IN PART** the Motion [125], and **ORDERS** Defendants to produce, to the extent Defendants have not already done so, dosing grids; communications; guidance and instructions; policy and procedure manuals or other such documents; and financial analyses relating to DaVita Inc.'s decision to change from using Zemplar to Hectorol, including, but not limited to documents discussing the medical reasons for such change, if any. To the extent that Relators' Hectorol document requests seek more than these documents, Defendants' objections are **SUSTAINED** and the Motion to Compel [125] is **DENIED IN PART**.

C. Relators requested certain documents regarding DaVita Inc.'s "Snappy" computer system. Defendants objected to producing all requested documents regarding Snappy. Notwithstanding their objections, Defendants maintain that they have already begun producing certain documents regarding Snappy. For the reasons stated in open court during the November 5, 2012 hearing, the Court **GRANTS IN PART** the Motion [125] and **ORDERS** Defendants to produce, to the extent they

      have not already done so, the complete change logs from 2002 through 2010, including any attachments, regarding changes requested with respect to how the computer program handled the dosing or administration of all the drugs at issue in this case including iron, Vitamin D, Venofer, Zemplar, Ferrlecit, and Hectorol, including, but not limited to, the programming of protocols, dosing grids, dose amounts, and frequency of dosing. To the extent that Plaintiffs' Snappy document requests seek more than these documents, Defendants' objections are **SUSTAINED** and the Motion to Compel [125] is **DENIED IN PART**.

D.   The Court understands that given the volume of documents that potentially fall into the above categories, Defendants will locate and collect documents to review for production in the stated categories from (1) the Email Archive system through the use of agreed-upon electronic search terms; through (2) certain corporate records and, (3) in the case of Snappy documents, from Davita employee Richard Tetley.

E.   Relators requested copies of documents produced to the United States in response to the United States' December 9, 2009 subpoena ("government subpoena") directed to DaVita Inc. in the United States' investigation

that led to the current action, including, but not limited to, documents bates-labeled as DVA_GA_000001 to DVA_GA_216576 and privilege and redaction log(s) ("Government production"), including the bates-labeled numbers utilized by Defendants on the documents Defendants produced to the United States. The Court finds that Relators are not entitled to separately obtain those documents as produced to the government. As such, the Court **DENIES IN PART** Relators' Motion [125] to the extent that the Motion [125] requests a complete production of the documents Defendants previously produced in response to the government subpoena and **DENIES IN PART** Relators' Motion [125] to the extent that the Motion [125] requests that Defendants produce to Relators copies of the privilege and redaction logs they provided to the government. The Court **GRANTS IN PART** Relators' Motion [125] as follows:

1. For all documents within the Government production that have been or will be produced in response to other of Relators' requests for the production of documents, the Court **ORDERS** Defendants to provide Relators with a cross-reference list of the bates-labeled

numbers that correspond to the documents as they were produced to the Government by overlaying the bates labels from the Government production for the database that will allow Relators to sort numerically. The Court **ORDERS** Defendants to provide this overlay to Relators no later than **December 5, 2012**. The Court further **ORDERS** Defendants to produce any overlay of bates labels for any documents later produced simultaneously upon production.

2. Defendants have represented to the Court that no documents produced in the Government production have been withheld from production to Relators on the basis of the attorney-client, work product, or other privilege. If any such documents are withheld from production to Relators on the basis of any claim of privilege or protection, the Court **ORDERS** Defendants to so indicate on the corresponding privilege log in which the document is logged.

II.   Defendants' Motion to Compel [127]

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel Relators to Respond to DaVita Inc.'s First Set of Interrogatories [127] ("Defendants' Motion to Compel") as follows:

A.   The Court **OVERRULES** Relators' objections on numerical grounds and therefore **GRANTS** Defendants' Motion to Compel [127] responses to all of the interrogatories set forth in DaVita Inc.'s First Set of Interrogatories. The Court finds that the majority of the interrogatories were subparts of interrelated questions and under the law count as one, not multiple, questions. Moreover, even if the Court were to find that some of these interrogatories were not interrelated, Defendants' First Set of Interrogatories would not exceed the numerical limit of 25 and even if it did, the Court would have granted leave to allow DaVita Inc. to propound all interrogatories contained in Defendants' First Set of Interrogatories.

1.   The Court **ORDERS** Relators to serve their responses to Defendants' First Set of Interrogatories no later than **November**

7

26, 2012. The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel [127] more complete responses to Interrogatory numbers 1-3. Relators are not required to provide a literal claim-by-claim listing or a list of every individual form that was submitted to Medicare. The Court, however, **ORDERS** Relators to provide more detailed responses to these interrogatories. For Interrogatory number 1, for example, the response should include evidence sufficient to establish what Relators allege was improperly billed and why it was false, and identify specific claims that are representative of each of the ways Relators allege that Defendants engaged in fraud, including a detailed narrative explanation. With respect to Interrogatory number 2, the Court **ORDERS** Relators to answer this interrogatory to the best of their knowledge and supplement if necessary to do so.

2. The Court **ORDERS** Relators to supplement their responses to Interrogatories 1-3 no later than **February 15, 2013**.

III.     Procedure Governing Future Discovery Disputes

The parties are advised that, **if a discovery dispute arises between the parties, counsel are required to contact the chambers of the undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reasons why no joint call was made. This letter must be copied to all adversaries. Motions to compel, motions for protective order, motions for sanctions or any other motion arising out of a dispute over any discovery matter should ordinarily not be filed without a prior conference with the Court.

**IT IS SO ORDERED** this 15th day of November, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

9