UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALON J. VAINER, M.D., F.A.C.P., and DANIEL D. BARBIR, R.N.,<br><br>            Plaintiffs,<br><br>      v.<br><br>DAVITA INC. et al.,<br><br>            Defendants. | CIVIL ACTION NO.<br><br>1:07-CV-2509-CAP |

## O R D E R

On August 12, 2014, this court issued an order granting the Relators' motion for sanctions [Doc. No. 922] and determined that discovery in this matter would be reopened on a limited basis.  The parties submitted post-hearing briefs and presented oral argument as to the scope of the discovery. The court sets forth the following parameters for this new discovery period, which shall commence immediately and run through March 5, 2015.

## I. Recompiled Version of Snappy and Programming Code

The defendants shall provide to the Relators a laptop containing a recompiled version of Snappy from 2009 in a developer environment no later than September 19, 2014.  Additionally, the defendants shall provide to the

Relators no later than September 19, 2014[1] the underlying pre-2010 computer code for Snappy.  At the hearing on September 12, 2014 the parties discussed the "pieces" of code and appeared to reach a consensus on what the plaintiff was seeking and what the defendants would provide.  It is the agreed to portions of the underlying code to which the court is referring here.

## II. Neutral Expert

The defendants have proposed that the court appoint a neutral expert witness pursuant to Federal Rule of Evidence 706.  The Relators, however, have argued that the additional expert opinions may not be necessary in this matter.  While a court-appointed expert may be a useful tool in this litigation, without the consent of the Relators, the use of a neutral expert will likely be a waste of time and effort.  Moreover, because the purpose of the reopened discovery period is to allow the Relators to obtain discovery that they were denied previously, the court is willing to weigh heavier the Relators' position on the matter of the neutral expert.  Therefore, the court will not appoint a neutral expert in this matter.

---

[1] The court notes that September 19, 2014 pre-dates this order.  However, at the September 12, 2014 hearing, the defendants agreed to turn over these items by September 19, 2014.  Therefore, the court has retained that date in this order.

To the extent that either party finds it necessary to supplement the expert opinion, the supplements shall be served on the opposing party no later than February 5.  Any expert discovery necessitated by supplementation shall be completed no later than March 5, 2015.

## III. Re-depositions

The Relators have requested to re-depose seven witnesses: Rich Tetley, Irina Goykhman, Sharon Adams, Shaun Collard, Kristine Marino, Marilyn Moulds, and Karen Phillip.  The court finds good cause for re-deposing each of these witnesses.  The following time limitations apply: Tetley and Goykhman—four hours each, Adams and Collard—two hours each, and Marino Moulds and Karen Phillip—three hours each.  To the extent that the defendants identify Tetley and Goyhkman as Rule 30(b)(6) witnesses, their depositions shall be extended an additional 3 hours each.  If the defendants identify other Rule 30(b)(6) witnesses, those individuals will be deposed for a total of three hours each.[2]

---

[2] At the September 12, 2014 hearing, the defendants indicated a strong likelihood that Tetley and Goykhman would again be the designated Rule 30(b)(6) witnesses.  However, the defendants are free to designate any witnesses that are qualified to address the Rule 30(b)(6) topics set forth by the Relators.  If designations of new Rule 30(b)(b) witnesses are made, the Relators will be allowed to depose these witnesses in addition to the seven witnesses identified above.

The Relators request that they be able to ask Tetley, Goykhman, Adams, and Collard about the facts and circumstances surrounding the changes in their prior testimony. The court finds this reasonable. The court recognizes that this line of questioning may result in the assertion of attorney-client privilege. The court will make no advance ruling on the applicability of the privilege under the circumstances of the changes in testimony here. Additionally, the court reminds the parties that while it has upheld the privilege as it was asserted to a large number of documents in this case, that ruling is not in any way applicable or transferable to assertions of the privilege during the upcoming depositions.

The defendants object to three of the Rule 30(b)(6) topics proposed by the Relators. First, the defendants object to the topic related to Snappy's role in classifying Venofer maintenance doses as "protocol", "verbal/phone," or "written order." This topic is unrelated to the basis for the court's grant of the motion for sanctions. Therefore, the defendants' objection is sustained.

Next, the defendants object to the topic regarding training to determine dose amount and frequency of administration of Venofer maintenance doses for patients on various protocols. The defendants complain that this topic is not limited to Snappy. The court finds the topic appropriate but agrees with the defendants that it should be limited to training with regard to Snappy.

Finally, the defendants object to the topic addressing documents utilized to determine specific maintenance doses of Venofer using Snappy. The defendants argue that this is a document request. The court disagrees. The defendants' Rule 30(b)(6) witnesses should be prepared to discuss the documents identified in this topic.

The defendants should endeavor to have their witnesses in Atlanta, Georgia for these re-depositions. If that is not possible, any travel expenses incurred by the Relators for the purpose of depositions shall be recoverable at the close of this limited discovery period. The depositions shall begin on November 13, 2014. All depositions (other than expert) shall be completed no later than January 5, 2015.

## IV. Requests for Production

The Relators have proposed seven requests for production. Requests one and two relate to the recompiled version of Snappy and the underlying code addressed in Part I above. The defendants specifically object to the seventh request to produce—"complete copies of all facility-specific iron protocols and physician-specific iron protocols programmed in Snappy at any time from 2004 to 2010." This request was the subject of a motion compel adjudicated by the magistrate judge in this case [Doc. No. 735]. However, the court finds that the documents sought are related, albeit tangentially, to

the spoiled discovery addressed in this court's August 12, 2014 order granting
the motion for sanctions.  Therefore, the defendants shall be required to
respond to the seventh request to produce.

The remaining four requests appear reasonable.  Therefore the court
will approve these requests as well.  However, because the defendants had
limited time to review the requests prior to the hearing on September 12,
2014, the court will allow the defendants to be heard on these requests
should they choose.  Objections to these remaining four requests for
production of documents shall be made via a motion for protective order filed
on the docket.  The time for filing a response and reply shall be governed by
the Federal Rules of Civil Procedure and the local rules of this court.

Responses to the requests for production shall be due no later than
November 3, 2014.

## V. Written Discovery

The defendants indicated they had no objections to the proposed
requests to admit.  Furthermore, the proposed interrogatories appear
reasonable.  The defendants shall respond to the written discovery no later
than October 27, 2014.

## VI. Attorneys' Fees and Costs

Because the re-opened discovery period is required because of the defendants' conduct, the defendants will bear the costs. This includes paying directly all court reporter and videographer costs related to the depositions. Additional costs and attorney fees incurred by the Relators in the re-opened discovery period, including the Relators' computer expert fees related to the examination of the recompiled version of Snappy and the underlying code, shall be submitted to the court via motion along with supporting declarations within thirty days after the close of the discovery period. The Federal Rules of Civil Procedure and the local rules of this court shall govern the response and reply times.

## VII. Conclusion

Based on the foregoing,

(1) the limited discovery period commences immediately and concludes on March 5, 2015;

(2) the defendants must provide to the Relators the recompiled version of Snappy and the underlying code no later than September 19, 2014;

(3) the responses to the requests to produce documents shall be made by the defendants no later than November 3, 2014;

(4) the responses to written discovery shall be provided by the defendants no later than October 27, 2014;

(5) the re-depositions shall begin on November 13, 2014 and be completed no later than January 5, 2015;

(6) supplementation to expert reports must be made no later than February 5, 2015;

(7) expert discovery closes on March 5, 2015;

(8) the Relators' fee and cost petition shall be submitted to the court no later than April 5, 2015.

**SO ORDERED** this 22nd day of September, 2014.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge